HUGHES v. BERKSHIRE POWER CO. (Circuit Court of Appeals, Second Circuit. November 16, 1908.) No. 67. Appeal from the Circuit Court of the United States for the District of Connecticut. This cause comes here upon appeal from a decree dismissing the bill in a suit to enjoin the maintenance of a dam located in the state of Connecticut on the Housatonic river which sets back the water of that river upon lands of complainant located in the state of Massachusetts. The opinion of Judge Platt is reported in 158 Fed. 219. C. Walter Artz (Henry F. Parmelee and Henry H. Townshend, of counsel), for appellant. Henry Stoddard (Wm. Waldo Hyde and Arthur L. Shipman, of counsel), for appellee. Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. This is the same dam which was the subject of controversy before this court in Andrus v. Berkshire Power Company, 147 Fed. 78, 77 C. C. A. 248, and in Griffith v. Berkshire Power Company (decided herewith) 165 Fed. 1004. It differs from both of those cases in the circumstance that no one contends that any contract was made or any negotiations entered into between the parties in interest prior to the construction of the dam. Apparently it was not supposed that complainant's land would be affected by the set-back of the water. After the dam was closed up, part of his land was flooded or undersoaked, a conference was had, and an effort

made to adjust matters between the power company and himself. The complainant's testimony is to the effect that, after insisting that he wanted the dam removed, he said that the damage was now done, and if they would pay him $5,000 damages, or $6,000 for the place, they might have it, providing he could remove the sile; that this was agreed to, but subsequently repudiated. Defendant's testimony is to the effect that the amount of damages named by Hughes was not assented to, although defendant agreed to pay whatever might be the actual damages, and paid $160 on account thereof. Whichever version of what took place be the correct one, and we express no opinion on that point, defendant was justified in assuming that its controversy with Hughes might be adjusted on a money basis, and thereafter it settled with other persons, paying them damages based upon the assumption that the dam would remain, which damages were in excess of what it would have paid, had it known that the dam was to be removed. Under the principle laid down in the Andrus Case, complainant cannot now insist upon injunctive relief. The decree of the Circuit Court, however, should be modified, so as to provide (as was done in the Andrus Case) for an ascertainment, in the way courts of equity are accustomed to proceed, of the damages to which complainant may be entitled by reason of the construction, maintenance, and use of the dam complained of, and fixing the time within which defendant will be required to pay such damages, and providing for the issuance of the injunction prayed for upon failure of defendant to pay the same; or, at the option of complainant, the decree below may be affirmed, without prejudice to complainant's rights to bring an action at law for said damages. Costs of this appeal to the defendant.